IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DOYLE DEWAYNE FRYE                                         PETITIONER
ADC #115393

V.                            NO. 5:13CV00055 DPM/JTR

RAY HOBBS, Director,                                       RESPONDENT
Arkansas Department of Correction

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Doyle DeWayne Frye. *Doc. #2*. Respondent has filed a Response, and Petitioner has filed a Reply. *Docs. #8, #10*. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the

2

procedural history of the case.

In October 2007, a jury in Benton County, Arkansas convicted Petitioner of rape. He was sentenced, as a habitual offender, to life imprisonment.

On direct appeal to the Arkansas Supreme Court, Petitioner argued that the trial court erred: (1) in admitting testimony from the victim's mother under the "excited utterance" exception to the hearsay evidence rule; (2) in admitting testimony from a detective about Petitioner's truthfulness during a custodial interview, which invaded the province of the jury to decide Petitioner's credibility; and (3) in admitting improper character evidence about his prior bad acts. On March 5, 2009, the Arkansas Supreme Court affirmed Petitioner's conviction. *Frye v. State*, 313 S.W.3d 10 (Ark. 2009).

On February 13, 2013, Petitioner initiated this *pro se* habeas action. In his Petition, he argues that:

> (1)    He was deprived of due process by the trial court's admission of the detective's opinion regarding Petitioner's truthfulness;

> (2)    He was deprived of due process when, based on the "excited utterance" exception to the hearsay rule, the victim's mother was allowed to testify about a statement the victim made;

> (3)    The trial evidence was insufficient to support his rape conviction or to prove he was a habitual offender;

> (4)    His trial and appellate attorneys rendered ineffective assistance.

Respondent argues that all of Petitioner's habeas claims are: (1) time-barred; (2) not legally cognizable; or (3) procedurally defaulted. Because the Court concludes that the Petition is time-barred and should be dismissed, it need not address Respondent's other arguments for dismissal.

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Because a criminal defendant may seek certiorari review of his conviction with the United States Supreme Court, his state court judgment of conviction becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," or, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

On March 5, 2009, the Arkansas Supreme Court affirmed Petitioner's conviction. He elected not to file a petition for writ of certiorari with the United States Supreme Court. *See* U.S. Sup. Ct. R. 13.1. Thus, his conviction became "final" on June 3, 2009, when the ninety-day period for seeking certiorari expired. Petitioner

initiated this federal habeas action on February 13, 2013, almost four years later.[1]

Because Petitioner did not seek any post-conviction relief in state court, he is not entitled to any statutory tolling. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection.").

To excuse his untimeliness, Petitioner argues that his state-court attorneys rendered ineffective assistance at the pretrial, trial and appellate stages of his criminal proceedings. He argues that, under the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), this ineffective assistance constitutes cause to excuse his procedural defaults in state court, as well as the untimeliness of his federal habeas petition. He also asserts that his state appellate counsel did not tell him that he had only one year to file in federal court. *Docs. #2, at 10-11; #10, at 3-4.*

*Martinez* clearly is inapplicable to the facts in this case. In its decision, the Supreme Court reached the narrow holding that inadequate assistance of counsel, *at the initial step of state post-conviction review*, could establish "cause" for a habeas

---

[1]Although the Clerk of Court received and file-stamped Petitioner's habeas Petition on February 21, 2013, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. The Court has accepted Petitioner's sworn declaration that he delivered his Petition to prison authorities for mailing on February 13, 2013. *Doc. #2, at 11.*

petitioner's procedural default of a claim that his trial counsel was ineffective. *Martinez*, 132 S. Ct. at 1315. Here, neither Petitioner nor his attorney ever sought to initiate any post-conviction review of his final state court judgment. Nothing in the Supreme Court's reasoning in *Martinez* suggests that it could provide a basis for excusing a prisoner's compliance with the one-year habeas statute of limitations.

Although not specifically argued by Petitioner, the Court has considered whether there might be any other basis for Petitioner to claim equitable tolling of the one-year limitations period. Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010).

First, Petitioner has not demonstrated that he pursued his rights diligently. After the Arkansas Supreme Court affirmed his conviction on March 5, 2009, he did not seek any post-conviction relief in state court, then waited almost four years before initiating this federal habeas action. This clearly does *not* show any diligence by Petitioner. *See Pace v. Diguglielmo*, 544 U.S. 408, 419 (2005) (petitioner failed to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five more months after his post-conviction proceedings became

final before seeking federal habeas relief); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (no diligence where petitioner did not file his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (no equitable tolling where petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final).

Second, Petitioner has not demonstrated any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003).

Accordingly, all of Petitioner's habeas claims are time-barred.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. #2*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be

DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases

in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    DATED THIS 21st DAY OF October, 2013.

_____

UNITED STATES MAGISTRATE JUDGE